IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS G. DEAN,

                    Appellant,

v.

SUNTRUST BANK, FIFTH THIRD
BANK, and MARY IDA TOWNSON,
Chapter 13, Trustee,

                    Appellees.

On Appeal From
BKR Case No. A06-71564-PWB

CIVIL ACTION NO.

1:07-cv-00248-JEC

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 29 2007

_____ N. _____, Clerk
_____ Deputy Clerk

### ORDER & OPINION

This case is presently before the Court on the United States
Bankruptcy Court for the Northern District of Georgia's December 18,
2006 Order [Bank. 40]; and appellant's Motion for Hearing on Appeal
[5].  The Court has reviewed the record and the Bankruptcy Court's
Order and, for the reasons set out below, concludes that the
Bankruptcy Court's December 18, 2006 Order [Bank. 40] should be
**AFFIRMED**; and appellant's Motion for Hearing on Appeal [5] should be
**DENIED**.

## BACKGROUND

This case comes to the Court on an appeal of a bankruptcy order issued on December 18, 2006 by the United States Bankruptcy Court for the Northern District of Georgia. ("Bankruptcy Order" [Bank. 40])[1] The facts surrounding this case are not complicated.[2] Debtor-appellant, Thomas Dean, ("appellant,""debtor," "Dean") maintained a business checking account at SunTrust Bank. ("SunTrust") (Bankruptcy Order at 2.) Beginning in late August 2006, appellant engaged in internet communications with a person identified as Peter Heltz, who represented himself as a representative of a company known as "Propay." (*Id.*; "Heltz Emails" attach. as Ex. C to Motion for Compensatory, Incidental, Punitive & Special Damages ("Motion for Damages") [Bank. 20].) In an August 27, 2006 email message appellant was informed that the position of "bidding manager" was open, and he could "become an independent partner of the company and manage auction operations from an office of your own." (Heltz Emails) According to the email, the bidding manager's duties were to "cooperate with bidders and sellers from your region/country, process payments from american [sic] bidders to sellers outside USA using

---

[1] All references to the record in the bankruptcy proceeding will be referred to by this Court as [Bank. XX].

[2] The facts of this case are taken from the bankruptcy court record and Bankruptcy Order. Neither party disputes the facts as presented in the Bankruptcy Order.

2

bank account and stay in touch with auction system innovations in order to support those involved with efficient support." (*Id.*) Appellant was to receive funds into his bank account by wire transfer and then transfer the funds by wire as directed by Propay, less a seven percent commission fee provided to appellant for his "services." (Bankruptcy Order at 3; Heltz Emails.)

Appellant's SunTrust Bank ("Suntrust") bank account statement indicates that a transfer in the amount of $27,576.63 was made on September 6, 2006 and a transfer was made in the amount of $38,736 on September 12, 2006. (Bankruptcy Order at 3; "Bank Account Statement" attach. as Ex B. to Motion for Damages.) Despite appellant's request that SunTrust transfer the funds, SunTrust refused to perform the transfer, and put a hold on the account. (Bankruptcy Order at 3.) According to debtor, representatives of SunTrust informed him that the held funds had been stolen from an account at Fifth Third Bank ("Fifth Third") (collectively Suntrust and Fifth Third referred to as "the Banks") (*Id.*). Because of the hold, numerous checks that appellant had written on the account were dishonored. (*Id.*)

Appellant filed a Chapter 13 petition on September 21, 2006. (*In re Thomas G. Dean, Debtor;* Case No. A06-71564-PWB (Bankr. N.D. Ga. Dec. 22, 2006)) Appellant then filed a Motion to Redeem Bank Account and to Avoid Lien on September 22, 2006. (*Id.* at 3-4; "Motion to Redeem" [Bank. 11].) In this motion, appellant sought to

3

"redeem" the bank account and avoid any liens asserted against it. (Bankruptcy Order at 4.)   On October 30, 2006, appellant filed a Motion for an Order of Default. ("Motion for Default" [Bank 21].) Dean also filed a Motion for Damages seeking damages from the banks for their alleged violation of the automatic stay.   (Bankruptcy Order at 4.)   The Banks responded to the appellant's motions (Response to Motion "Opp'n to Motion to Redeem, Motion for Default and Motion for Damages" [Bank. 30]) and filed a Motion for Relief from Stay ("Mot. for Relief from Stay" [Bank. 31].)

A hearing was held in the United States Bankruptcy Court for the Northern District of Georgia on December 13, 2006.   On December 18, 2006, the Bankruptcy Court for the Northern District of Georgia ruled on the above motions and entered an order: (1) abstaining, pursuant to 28 U.S.C. § 1334(c)(1), from resolving the factual and legal issues relating to the rights and claim of Dean and SunTrust Bank and Fifth Third Bank in regards to the funds "frozen" by the Banks; (2) dismissing Dean's Motion to Redeem [Bank. 11]; Motion for Default [Bank. 21], and Motion for Damages [Bank. 20]; (3) granting the Bank's Motion for Relief from Stay [Bank. 31]; and (4) denying confirmation of Dean's Chapter 13 Bankruptcy Plan and, ultimately, dismissing Dean's Bankruptcy case.   Dean filed an appeal of the Bankruptcy Court's December 18, 2006 Order ("Bankruptcy Appeal"

4

[Bank. 49], which is now pending before this Court.[3]

DISCUSSION

## I.   STANDARD OF REVIEW

A district court shall accept the bankruptcy court's findings of

fact unless those findings are clearly erroneous.  *See* FED. R. BANKR.

P. 8013; *In re Club Assoc.*, 951 F.2d 1223, 1228 (11th Cir. 1992)

(internal citations omitted).  A district court is not authorized to

make independent findings of fact.  *In re Sublett*, 895 F.2d 1381,

1384 (11th Cir. 1990) (internal citation omitted).

A district court shall review a bankruptcy court's conclusions

of law, including a bankruptcy court's interpretation and application

of the Bankruptcy Code *de novo*.    *In re Chase & Sanborn Corp.*, 904

F.2d 588, 593 (11th Cir. 1990).

## II.   THE BANKRUPTCY COURT'S DECISION TO ABSTAIN UNDER 11 U.S.C. § 1334(c)

The Bankruptcy Court abstained from determining the issues

raised in appellant's Motion to Redeem as well as appellant's Motion

---

[3] Prior to the bankruptcy court's entry of the Bankruptcy Order,
appellant filed a "Motion to Reconsider Oral Order or Orders Entered
by the Court on December 13, 2006" ("Motion to Reconsider" [Bank.
46]) and a "Motion for Leave to Appeal to the Bankruptcy Appellate
Panel Service" ("Motion to Appeal to App. Panel" [Bank 47].)
Appellant also filed and then withdrew a Notice of Appeal ("Notice of
Appeal" [Bank. 39, 48]), and filed the instant appeal.  The
bankruptcy court entered Orders on December 29, 2006 denying
appellant's Motion to Reconsider and Motion to Appeal to App. Panel.
([Bank. 52, 53.])

5

AO 72A
(Rev.8/82)

for Damages.   28 U.S.C. § 1334(c)(1) grants bankruptcy courts discretionary authority to abstain from hearing a particular proceeding in the "interest of justice, or in the interest of comity with State courts or respect for State law."  28 U.S.C. § 1334(c)(1).

Appellee SunTrust argues that 11 U.S.C. § 1334(d) prevents this Court from reviewing the bankruptcy court's decision to abstain from hearing a matter under 11 U.S.C. § 1334(c).   Section (d) of 28 U.S.C. § 1334 provides as follows:

> Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Though seemingly preventing any appellate court review of a bankruptcy court's decision to abstain under 11 U.S.C. § 1334(c), subsection (d) does not explicitly prevent a district court from reviewing a bankruptcy court's decision to abstain.   Rather, the literal language of subsection (d) only prevents review of a decision to abstain under § 1334(c) by the court of the appeals and the Supreme Court; it does not prevent review of a bankruptcy court decision by a district court.

In the case of *In re Goerg*, 930 F.2d 1563 (11th Cir. 1991), the Eleventh Circuit reaffirmed that Circuit's decision in *Parklane v. Parklane*, 927 F.2d 532 (11th Cir. 1991), which had held that an

6

Article I bankruptcy court may not issue an unreviewable section 305 order to dismiss or to abstain from jurisdiction over a bankruptcy case.  The *Parklane* court reasoned that allowing a bankruptcy court to issue an unreviewable order dismissing or suspending a district court's jurisdiction over a bankruptcy case would violate Article III of the Constitution by impermissibly placing the jurisdiction of an Article III court within the unreviewable discretion of an Article I court.  *Goerg*, 930 F.2d at 1565-66.

After the Eleventh Circuit's decision in *Parklane*, Congress amended 305(c) and 28 U.S.C. § 1334(c)(2), which governs the jurisdiction over bankruptcy cases and proceedings.[4]  The amendment now reads that a bankruptcy court's decision is "not reviewable by appeal or otherwise by the court of appeals under section 157(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title."  According to the Eleventh Circuit, "[b]y omitting any reference to the district courts in the amendment, Congress limited only the jurisdiction of the Court of Appeals and the Supreme Court to review a bankruptcy court's section 305 order, but not the jurisdiction of the district court to review such an order."  *Goerg*, 930 F.2d at 1566.  (internal citations omitted).  Thus, this Court finds that based on the identical

---

[4]  This language is equally applicable to 28 U.S.C. § 1334(c)(1). *See* 28 U.S.C. § 1334(d).

7

AO 72A
Rev.8/82)

language of Section 1334(d), a district court can properly review the bankruptcy court's decision to abstain.[5]

After a review of the record, this Court concludes that the bankruptcy court properly exercised its discretion under 28 U.S.C. § 1334(c)(1) to abstain from resolving the legal and factual issues relating to the rights of appellant and the Banks with respect to the funds in appellant's account at SunTrust. The record reveals that the dispute between appellant and the Banks centers around non-bankruptcy law. Appellant's Motion to Redeem, as well his Motion for Damages, address appellant's contention that the Banks improperly placed a hold on funds in appellant's SunTrust account. However, it is non-bankruptcy law that will determine whether the Banks acted appropriately by placing a hold on appellant's account due to suspected fraudulent activity. Accordingly, the bankruptcy court cannot determine if appellant is entitled to the funds, or whether the Banks violated the § 362 automatic stay, until a court determines whether the Banks complied with applicable non-bankruptcy law. This

---

[5] Appellees also argue that the bankruptcy court's decision to abstain is not reviewable because it is not a final order. Under 28 U.S.C. § 158, the district courts of the United States shall have "jurisdiction to hear appeals (1) from final judgments, orders, and decrees...and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges..." The Court concludes that a decision to abstain is a final and conclusive order, and subject to review. *See Matter of Rupp & Bowman Co.*, 109 F.3d 237, 240-241 (5th Cir. 1997) decision to abstain, as opposed to decision not to abstain, is final and reviewable.

AO 72A
(Rev.8/82)

Court, therefore, **AFFIRMS** the bankruptcy court's decision to abstain from determining the legal and factual issues raised by appellant's Motion to Redeem and Motion for Damages.

## III. THE BANKRUPTCY COURT'S DECISION TO DENY APPELLANT'S MOTION FOR DEFAULT

Bankruptcy Rule 9014 provides that parties to contested motions "shall be served in the manner provided for service of a summons and complaint by Rule 7004." FED. R. BANKR. P. 9014(b). Under Federal Banking Rule, 7004(b)(3), service of a contested motion may be made by first-class mail upon a domestic or foreign corporation "by mailing a copy of the [motion] to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process..." FED. R. BANKR. P. 7004(b)(3).

Here, appellant failed to send the motion to the attention of an officer, managing or general agent, or other agent authorized by law to receive service of process. ("Motion for Default" [Bank. 21] at 2; Bankruptcy Order at 4 "Neither of the Debtor's [appellant's] motions was properly served as required by FED. R. BANKR. P. 9014 and 7004(b)(3) and (h).")

Furthermore, under FED. R. BANKR. P. 9014(a), no response to a contested motion is required, unless ordered by the Court. Here, the Court did not direct the appellees to respond. Accordingly, the

9

Court **AFFIRMS** the bankruptcy court's denial of Appellant's Motion for Default.

## IV.  THE BANKRUPTCY COURT'S DENIAL OF CONFIRMATION OF APPELLANT'S CHAPTER 13 PLAN AND DISMISSAL OF THE CHAPTER 13 CASE

Under Section 1307(c) of the Bankruptcy Code, upon the request of a party in interest or the United States Trustee, the bankruptcy court may dismiss a Chapter 13 case or convert a Chapter 13 case to a case under Chapter 7, whichever is in the best interests of the creditors and estate, for cause.  11 U.S.C. § 1307(c).  One of the enumerated "for cause" factors is "denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan." 11 U.S.C. § 1307(c)(5).  Accordingly, failure of the debtor's plan to conform to the requirements of 11 U.S.C. § 1325  constitutes "cause."

In the present case, in accordance with Section 1307, the United States Trustee's office filed two sets of objections to appellant's plan, and requested dismissal of the case on both occasions.  ([Bank. 27 and 38].)  In addition, the Bankruptcy Court noted that neither appellant's original plan filed on September 21, 2006 [Bank. 2] nor appellant's amended plan filed on December 7, 2006  [Bank. 36] conformed to the requirements of 11 U.S.C. § 1325.  (Bankruptcy Order at 7.)  The Bankruptcy Court properly dismissed appellant's  case because appellant failed to assert a legitimate "bankruptcy purpose"

10

for filing his Chapter 13 case.   (*Id.*)   The bankruptcy court specifically found that "the Debtor [Appellant] has no legitimate need for Chapter 13 relief in view of the fact that his installment obligations are current, no real estate foreclosure or personal property repossession was or is pending or threatened, and the Debtor has paid or intends to pay unsecured debts." (*Id.*)  Section 1325 of the Banking Code, permits confirmation of a plan where it has been filed in "good faith." 11 U.S.C. § 1325(a)(3). Here, there is an indication that the debtor did not file his Chapter 13 plan in good faith because there exists no valid or legitimate purpose for appellant to file for Chapter 13. Rather, it appears that appellant filed for bankruptcy for the sole purpose of recovering property, and not to reorganize his debt.

Finally, the bankruptcy court found that there was no reason to allow debtor additional time to file another modification of his plan because there existed no legitimate bankruptcy purpose for debtor to remain in Chapter 13.   (*Id.*)   Accordingly, it was in the best interests of the debtor and the estate to dismiss appellant's case under 11 U.S.C. § 1307.

Therefore, the Court **AFFIRMS** the Bankruptcy Court's decision to deny confirmation of Appellant's Chapter 13 Plan.

**V.    TERMINATION OF THE STAY UNDER 11 U.S.C. § 362**

It should also be noted that because the bankruptcy court

11

AO 72A
(Rev.8/82)

properly abstained from deciding appellant's Motion to Redeem as well as appellant's Motion for Damages, it also properly terminated the automatic stay under 11 U.S.C. § 362. The bankruptcy court correctly observed that if the Banks have a right to place a hold on the account, the automatic stay provision of bankruptcy law will not apply to appellant's funds at the SunTrust account. Like the bankruptcy court, this Court finds that by terminating the stay, there will be no confusion among the parties as to their ability to proceed, in separate litigation, to assert their rights, claims and defenses regardless of the filing of the bankruptcy case. In any event, the proper dismissal of the bankruptcy case terminates the stay as a matter of law. 11 U.S.C. § 362(c)(2)(B).

### CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the United States Bankruptcy Court for the Northern District of Georgia's December 18, 2006 Order [Bank. 40] AND **DENIES** appellant's Motion for Hearing on Appeal [5].

The Clerk shall close this action.

SO ORDERED, this 25 day of June, 2007.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
Rev.8/82)